UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 08-210-(04(LLP/JJK))

---

United States of America,

   Plaintiff,

vs.              **<u>AFFIDAVIT OF KURT B GLASER</u>**

Frederick O. Bond,

   Defendant.

---

  The undersigned writes this affidavit per the Order of Judge Lawrence L Piersol, dated 11/28/2012, that if Mr. Bond executed a waiver of the Attorney - Client Privilege I am required to address the claims made in Mr. Bond's motion filed pursuant to 28 U.S.C. Section 2255(3).

  On 12/06/2012, Mr. Bond filed a waiver of the Attorney-Client Privilege. On 12/14/2012, I receive correspondence from the U.S. Attorney containing motions and documents purportedly filed by Mr. Bond and the Government addressing Mr. Bonds claims.

**STATE OF MINNESOTA** )
         )  *ss.*
**COUNTY OF HENNEPIN** )

  **Kurt B Glaser**, being first duly sworn upon oath, states and deposes as follows:

1. Mr. Bond made the decision to not call Judge Anne Montgomery as a witness in his jury trial. I did not make that decision.

2. During the course of my representation of Mr. Bond I counseled against his desire to call Judge Montgomery as a witness at trial. However, the decision made during his trial as to whether or not to call her as a witness was made by Mr. Bond. At the outset of the trial he advocated to me that she should be called as a witness. Accordingly, I chose to make mention

of this in my opening remarks to the jury. During the course of the trial, his position on that question changed.

3. After the trial proceedings began, the three defendants (Beale, Bond and Pelton) began to see a benefit in working jointly to present their cases. Thereafter many decisions about trial tactics were jointly discussed and decided among the three co-defendants and their attorneys. The question about whether or not to call Judge Montgomery as a witness was the subject of robust and repeated conversation among the six of us. The feeling was that if one defendant wanted to call her as a witness then the other two defendants would have adjust their trial tactics to accommodate her testimony. All three attorneys recommended that she not be called as a witness. Ultimately, all three defendants, working collaboratively, reached this same conclusion. None of the defendants called her as a witness.

4. My decision to recommend that Judge Montgomery not be called as a witness was for the following reasons. First, her known testimony would not benefit Mr. Bond's defense. Second, not calling her as a witness allowed Mr. Bond to raise a variety of persuasive and legal arguments which could potentially benefit his case.

5. During the course of pretrial proceedings, counsel for the three co-defendants felt that the Judge should be interviewed. We reached that conclusion during a discussion which occurred in the U.S. Courthouse where Judge Montgomery is chambered. The group of us decided to stop into her chambers to see if we could arraign an interview. Coincidentally the Judge was present and agreed to speak to us. We were able to ask her a few questions before she decided that she was no longer willing to discuss the case. During that conversation she indicated how she was not intimidated by the defendants. When we inquired further about

their conduct and/or her lack of intimidation, the Judge ended the conversation indicating that she was not willing to discuss the matter further. She politely indicated that she did not wish to interfere with the case by making a misstatement.

6. Prior to trial I learned the Government did not intend to call Judge Montgomery as a witness. This led me and Mr. Bond to discuss the matter at length. Up to and during trial he wanted to call her as a witness. While I counseled him against this choice, I was willing to follow his instructions. During the course of the trial he changed his mind during joint discussions between the three parties and three defense attorneys.

7. In reaching my conclusion about rendering advice on the subject of calling Judge Montgomery as a witness at trial, I viewed the information which she imparted during the brief interview as having minimal benefit to Mr. Bond's case. In reaching my conclusion on this subject the most important factor I considered was how the Judge ended the conversation when pressed with questions about her view of the defendants' actions or her state of mind. Ultimately, she did not answer question regarding the latter. I felt that she ended the questioning when she felt as if she was being cross-examined about her level of fear or the level of threat caused by the Defendants' conduct. It was apparent she was not personally intimidated by these defendants but was harassed by their actions and likely viewed them as a potential risk to her safety. Her statement indicating a lack of intimidation did not rule-out how their actions may have been a potential risk to her safety or peace of mind. Afterwards, all of the defense attorneys involved in the case interpreted her comments in this view. Therefore, if called as a witness at trial I believed the Judge would have testified that she was not intimidated by the defendants' conduct but also viewed their actions as a

form of harassment and/or ultimately as a risk to her safety. Accordingly, calling her as a witness had a high potential to negatively impact Mr. Bond's case. Mr. Bond eventually adopted this view and decided not to call her as a witness at trial.

8. The tactical decision to not call the Judge as a witness allowed Mr. Bond to employ a strategy of raising persuasive and legal arguments to further his objective of acquittal. Foremost, this trial decision allowed us to argue that the Government failed in its burden of proof. I argued that Judge Montgomery was an indispensable witness and that without her testimony the Government did not meet its burden of proof. Variants of this argument were both persuasive (asking the jury to acquit Mr. Bond), and legal (arguing for judgment of acquittal, or overturn on appeal arguing that Bond's constitutional right of confrontation was violated). The collateral benefit of not calling the Judge as a witness avoided the possibility that the jury would hear potentially adverse testimony.

9. For all of the reasons stated herein, my legal advice to Mr. Bond was that Judge Montgomery should not be called as a witness at trial. Mr. Bond made the decision that she should not be called as a witness at trial. During the course of trial I followed Mr. Bond's instructions and did not call Judge Montgomery as a witness at trial.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated:          December 19, 2012

_____
Kurt B Glaser

Subscribed and sworn to before me
this December 19, 2012.

_____
Notary Public

Sellano L. Simmons
NOTARY PUBLIC
State of Minnesota
My Commission Expires 1-31-2017

-4-